UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEFKOFF, DUNCAN, GRIMES,
MCSWAIN & HASS, PC,

       Petitioner,

v.                                       Case No: 6:17-mc-5-Orl-41TBS

UNITED STATES OF AMERICA,

       Respondent.

_____

## REPORT AND RECOMMENDATION

       Pending before the Court is Lefkoff, Duncan, Grimes, McSwain & Hass, P.C.'s Petition to Quash Summons to SunTrust Bank (Doc 1). Respondent, the United States, has filed a motion to dismiss the petition (Doc. 2) and Petitioner has filed an opposition brief (Doc. 3). Upon due consideration, I respectfully recommend that the motion to dismiss the petition be **GRANTED.**

### Background

       Petitioner is a Georgia law firm seeking to quash a third-party summons issued by the Internal Revenue Service, directed to SunTrust Bank in Orlando, Florida (Doc. 1-1). According to the unrebutted assertions and exhibits, the IRS is conducting an examination of Petitioner's federal tax liability for the 2014 tax year (Doc. 2-1; Declaration of Revenue Agent Chavonda Pellebon, ¶ 3). The IRS sought source billing information from the Petitioner in order to substantiate the gross receipts it reported on its 2014 return, but the firm refused to provide this (Id., ¶ 4). "As a result," a revenue agent issued the summons to the bank on January 18, 2017, seeking records related to Petitioner's financial activity in the 2014 calendar year (Id., ¶ 5). The summons is for "all books,

papers, records, and other data" concerning Petitioner's accounts, including private banking, savings account records, checking account records, loan records, safe deposit box records, certificates of deposit, money market certificates, retirement accounts, U.S. Treasury notes and bills, stocks and bonds, credit card records, purchases of bank checks, and other records (Doc. 1-1 at 3-4). Notice of the summons was provided to the Petitioner and this petition followed.

Petitioner contends that the records sought relate to the law firm "and are part of the Petitioner's business records." (Doc. 1, §3). Petitioner objects to the bank's production of the records, contending that the IRS: 1) already has the information sought, as part of the firm's internal accounting records produced to the IRS; 2) the IRS did not take all of the administrative steps required before issuing the summons, which seeks potentially privileged communications; and 3) the summons seeks documents which in part contain or may contain matters protected by the attorney-client privilege.

The government moves to dismiss the petition, contending that: 1) the records are not duplicative and are relevant to its ongoing examination; 2) the IRS took all appropriate administrative steps prior to using the summons; 3) Petitioner has not established that attorney-client privilege attaches to these bank records; 4) the IRS has broad authority to examine books and records to determine tax liability; and 5) Petitioner has not established a defect in the summons (Doc. 2).

In reply, Petitioner argues that because the IRS relies on a declaration of the revenue agent, the motion to dismiss is converted into a motion for summary judgment (Doc. 3 at 3), allowing the firm to tender its own evidence – the Affidavit of Danielle L. Lambert, C.P.A. (Doc. 3-1). Ms. Lambert avers, in pertinent part:

3. In my capacity as the Taxpayer's representative and the preparer of the Taxpayer's 2014 Federal income tax return subject to this examination, I engaged with Revenue Agent, Chavonda Pellebon, in her conduct of the examination to determine the correct federal tax liabilities of the Taxpayer for the tax year 2014.

4. During the conduct of that examination, we provided to the Revenue Agent (a) copies of the Taxpayer's bank statements for the subject year, prepared by the subject banks in their normal course, reflecting all amounts deposited into the subject accounts, and (b) a complete copy of the Taxpayer's General Ledger showing all deposits prepared from Taxpayer's internal accounting program.

5. From these bank statements and the General Ledger, the Revenue Agent was able to confirm that the deposits reflected on the bank statements and the accounting records "balanced back" against the gross receipts reported on the Taxpayer's 2014 tax return, confirming the accuracy of the said tax return.

6. The Revenue Agent then further requested the Taxpayer's internal billing information. My client, the Taxpayer, declined to provide that material because it did not include any information not already provided to the Revenue Agent other than the identity of the Taxpayer's clients and/or the nature of the legal services rendered for which payment was being made, for which the Taxpayer asserted the attorney-client privilege.

7. On behalf of the Taxpayer, and at the Taxpayer's request, I provided to the Revenue Agent a copy of the IRS internal memo (known as the "Hicks Memo" dated 9/1/2011) contained in the Internal Revenue Manual establishing IRS policy when an examining agent is seeking material which may contain privileged information, and declaring "When a taxpayer or his representative claims that the requested records contain privileged communications, the local Counsel office should be contacted."

8. On behalf of the Taxpayer, I made a request to the Revenue Agent and her Manager (Ms. Shaunte Bush) to follow that procedure and allow for them to communicate with local Counsel for the IRS to resolve this matter. I am not aware that any representative of the IRS made any response to that request or otherwise attempted to comply with the procedures set forth in the Internal Revenue Manual.

(Doc. 3-1, §§3-8).

Relying on this affidavit, Petitioner contends that the summons is overbroad for the purpose stated by the IRS in that it seeks far more than just deposit records, and the only relevant bank records have already been provided. Petitioner also notes that there is no showing that the IRS followed the requirements as established in the Hicks Memo (Doc. 1-2), with respect to summoning privileged information. Because the summons fails to meet all legal requirements, Petitioner argues, it must be quashed.

## Discussion

Although the parties have characterized the relief sought in various ways (a petition to quash; motion to dismiss, motion to dismiss treated as a motion for summary judgment), for present purposes, the standard of review is not determinative as the facts are not in genuine dispute and the law is well established. Upon review, I find no defect in the summons, no abuse of the Court's process, and no other reason to quash the summons.

The IRS is "authorized and required to make the inquiries, determinations, and assessments of all taxes" imposed by the Internal Revenue Code. 26 U.S.C. § 6201(a). The IRS has been given broad authority to "examine any books, papers, records, or other data which may be relevant or material" to "determining the liability of any person for any internal revenue tax." 26 U.S.C. § 7602(a). "The IRS's investigative powers extend to documents which are even potentially relevant." Schwartz v. United States, No. 14-62609-MC, 2015 WL 4104792, at *1 (S.D. Fla. Apr. 15, 2015), *report and recommendation adopted*, No. 14-62609, 2015 WL 4104610 (S.D. Fla. May 26, 2015), citing United States v. Arthur Young & Co. 465 U.S. 805, 814, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984).

The validity of an IRS summons is evaluated according to the standards set forth in United States v. Powell, 379 U.S. 48, 85 S. Ct. 248, 13 L.Ed. 2d 112 (1964). "In order to succeed in enforcing a summons, the IRS must show four elements: 'that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been followed.'" United States v. Morse, 532 F.3d 1130, 1132 (11th Cir. 2008) (quoting Powell, 379 U.S. at 57-58). Where the government is not seeking to enforce a summons, but rather challenges a petition to quash, the analysis is the same. Schwartz, citing Miccosukee Tribe of Indians of Florida v. United States, 877 F.Supp.2d 1331, 1341 (S.D. Fla. 2012). "The IRS' burden in meeting the Powell factors is 'minimal,' and 'the IRS can satisfy [its] burden merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts.'" Miccosukee, 877 F. Supp. 2d at 1341, citing La Mura v. United States, 765 F.2d 974, 979 (11th Cir.1985).

Once the government makes its showing, "the burden shifts to the petitioner to either disprove one of the elements of the government's case or to show an abuse of process." Id. citing Matter of Newton, 718 F.2d 1015, 1018–19 (11th Cir.1983). The burden on the party contesting the summons is a "heavy one" requiring the allegation of specific facts and introduction of evidence. United States v. Leventhal, 961 F.2d 936, 940 (11th Cir.1992). To satisfy its heavy burden of proof, the summoned taxpayer must allege specific facts and present evidence disproving one of the Powell elements or convince the court that enforcement of the summons would be an abuse of the court's process. United States v. Greenberger, No. 1:15-CV-03532-AT-JFK, 2016 WL 3912065, at *5

(N.D. Ga. Jan. 11, 2016), *report and recommendation adopted*, No. 1:15-CV-3532-AT, 2016 WL 3912060 (N.D. Ga. June 21, 2016).

Section 7609(b) grants a person entitled to notice of a summons the right to petition to quash the summons. 26 U.S.C. § 7609(b). Although there is authority that the government need not satisfy the Powell burden initially where, as here, the summons comes before the court on a petition to quash and not a petition to enforce,[1] this distinction is immaterial as I find that the government has satisfied all four Powell factors.

*Legitimate purpose*

Revenue Agent Pellebon attests in her declaration that the IRS is conducting an examination to determine Petitioner's correct tax liability for the tax year 2014, and this summons was issued in the course of that examination (Doc. 2-1, §§3, 5). The government argues this is an appropriate purpose for such a summons. In its reply, Petitioner does not appear to take issue with the investigation as a whole, but argues that there is no stated purpose for the specific requested records, except for the bank's deposits, and therefore the overbroad summons is without legitimate purpose (Doc. 3 at 5-6). I find the government has shown that the issuance of this summons is for a legitimate purpose.

Petitioner's characterization of the "stated purpose" of the summons is inaccurate. Although Petitioner contends that the only documents at issue are the bank deposits in order to verify the gross receipts of the internal accounting already provided, the purpose of the summons is, in fact, significantly broader. As noted by the revenue agent, "the

---

[1] See, e.g., Knauss v. United States, 28 F.Supp.2d 1252, 1254 (S.D. Fla. 1998) ("However, the Powell prima facie test, which is applicable when the government seeks to enforce an IRS summons, does not apply where, as here, the government has moved to dismiss a petition to quash a summons. Instead, the burden shifts immediately to the petitioner to establish a valid defense to the summons") (internal citation and quotation marks omitted).

financial records requested in the summons *may shed light on whether the tax return filed by Petitioner fully accounted for its tax liabilities* for the tax year 2014 *and* whether Petitioner's internal records are complete and accurate." (Doc. 2-1, §8 - emphasis added). The IRS may properly seek financial information in connection with the investigation as a whole, and is not limited to merely confirming the accuracy of Petitioner's internal records. The IRS' investigative authority does not depend on an actual case or controversy, but rather "it can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." Powell, 379 U.S.at 57.

*Relevance*

The government's burden of showing relevancy is light. If the information sought by an IRS summons might throw light upon the correctness of the taxpayer's return, then it is relevant. Azis v. U.S. I.R.S., 522 F. App'x 770, 775 (11th Cir. 2013) (internal citation omitted); see also Matter of Newton, 718 F.2d 1015, 1019 (11th Cir. 1983).The assertion by Agent Pellebon that the requested documents may shed light on whether the tax return filed by the firm fully accounted for its tax liabilities for the tax year 2014 is sufficient to satisfy the relevancy of the bank documents sought.

*Information not duplicative*

As the summons seeks more than just bank deposit information, the information sought is not duplicative. To the extent the deposit information has already been provided by Petitioner, "even if the IRS already possesses some of the information, the summonses should not be denied unless they [constitute] an unnecessary examination or inspection." United States v. Groos Nat. Bank of San Antonio, 661 F.2d 36, 37 (5th Cir. 1981) (citing United States v. Davis, 636 F.2d 1028, 1038 (5th Cir. 1981). The revenue agent attests that the deposit records are not already within the IRS's possession and,

- 7 -

while Petitioner has provided copies of some of the other requested records, receipt from a disinterested third party is necessary to confirm the accuracy and completeness of Petitioner's production (Doc. 2 at 4, citing Pellebon Decl. ¶ 9). This is a sufficient showing for this Powell factor.

*Required Administrative Steps were taken*

The revenue agent also attests that all required administrative steps were taken prior to issuance of the summons (Doc. 2-1, §11). Although Petitioner relies on language set forth in an IRS internal memorandum, I agree with the government that the Internal Revenue Manual is not relevant. The Internal Revenue Code, not the Internal Revenue Manual, governs. Powell, 379 U.S. at 58 (requiring "that the administrative steps required by the Code have been followed"). I conclude that the government has satisfied all the requirements of the Powell standard and the burden has shifted to Petitioner to establish a defect with the summons or an abuse of process.

*No defect in the summons has been shown*

In an attempt to establish defect, Petitioner contends that the summons seeks documents which in part contain or may contain information protected by the attorney-client privilege. I cannot agree. Although Petitioner claims that the records sought are part of its business records, this is not accurate. The summons seeks production of the bank's records – not Petitioner's. Moreover, Petitioner has not satisfied its burden of establishing that these records are privileged. As the Southern District explained on similar facts:

> A party claiming privilege bears the burden of proving its applicability by establishing all of its essential elements. In re Air Crash Disaster Near Cali, Columbia, 959 F.Supp. 1529, 1532 (S.D. Fla., Feb. 7, 1997). The burden is not discharged by mere conclusory or otherwise blanket assertions. Bridgewater v. Carnival Corporation, 286 F.R.D. 636, 2011 WL 4383312, *1 (S.D. Fla., Sep.20, 2011).

The attorney client privilege applies to communications between a lawyer and client, and to be covered, the communications must be made in confidence to the attorney in his professional capacity, and for the purpose of seeking legal advice. U.S. v. Ponder, 475 F.2d 37, 39 (5th Cir.1973). "The identity of a client or matters involving the receipt of fees from a client are not normally within the [attorney-client] privilege." In re Grand Jury Proceedings (David R. Damore), 689 F.2d 1351, 1352 (11th Cir.1982). A narrow exception is made disclosure by an attorney of his client's identity will provide the last link in an existing chain of incriminating evidence likely to lead to the client's indictment U.S. v. Leventhal, 961 F.2d 936, 940 (11th Cir.1982), but Petitioners have not suggested that producing the trust account records is likely to result in the indictment of any clients of Schwartz, P.A.

Further, the government correctly points out that there is no confidentiality where a third party such as a bank either receives or generates the documents sought by the IRS. Reiserer v. U.S., 479 F.3d 1160, 1165 (9th Cir.2007). Attorney trust account records are generally not protected by attorney client privilege. Huffman v. U.S., 2007 WL 4800643, *5 (S.D. Fla., Nov.29, 2007) citing In re Grand Jury Subpoena (Lipnack), 831 F.2d 225, 228 (11th Cir.1987).

Schwartz, supra, 2015 WL 4104792, at *4-5. I find no basis for asserting that the bank's records constitute confidential communications to or from an attorney made for the purpose of securing legal advice. Consequently, Petitioner has not met its burden to establish that the records are privileged.

As the government has made an adequate showing under Powell, the Petitioner has not established a defect in the summons and there is no assertion that the issuance of the summons is an abuse of process,[2] I find the petition to quash to be without merit and the motion to dismiss should be granted.

---

[2] "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." Powell, 379 U.S. at 58.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1.     The motion to dismiss (Doc. 2) be **GRANTED**;

2.     The Court **dismiss** the Petition to Quash (Doc. 1); and close the file.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 4, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record