UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LEFKOFF, DUNCAN, GRIMES,
MCSWAIN & HASS, PC,**

        **Petitioner,**

v.                                             Case No: 6:17-mc-00005-41TBS

**UNITED STATES OF AMERICA,**

        **Respondent.**

                                  /

**ORDER**

THIS CAUSE is before the Court on Petitioner's Petition to Quash Summons (Doc. 1) and Respondent's Motion to Dismiss Petition to Quash Summons (Doc. 2). United States Magistrate Judge Thomas B. Smith issued a Report and Recommendation ("R&R," Doc. 4), recommending that the Court grant Respondent's motion and dismiss the petition. Petitioner filed an objection to the R&R (Doc. 5), to which Respondent filed a Response (Doc. 6). After a *de novo* review of the record, the R&R will be will be adopted and confirmed.

**I.**     **BACKGROUND**

The United States Internal Revenue Service ("IRS") is "conducting an examination to determine the correct federal tax liability of Petitioner . . . for the tax year 2014." (Pellebon Decl., Doc. 2-1, ¶ 3). In furtherance of that investigation, the IRS requested that Petitioner provide source billing information to substantiate the gross receipts it reported on its 2014 tax return, but Petitioner refused to comply. (*Id.* ¶ 4). As a result, Revenue Agent Chavonda Pellebon sent a summons to SunTrust Bank ("Summons", Doc. 1-1), seeking books, records, papers, and other data relating to Petitioner's financial activity for the 2014 tax year. (Doc. 2-1 ¶ 5).

On February 7, 2017, Petitioner filed a petition to quash the IRS's Summons pursuant to 26 U.S.C. § 7609(b). Petitioner objects to and seeks to quash or otherwise limit the Summons in accord with *United States v. Powell*, which requires the IRS to demonstrate that: (1) "the investigation will be conducted pursuant to a legitimate purpose"; (2) "the inquiry will be relevant to that purpose"; (3) "the information sought is not already in the [IRS]'s possession"; and (4) "the administrative steps required by the Code have been followed" to issue a summons. 379 U.S. 48, 57–58 (1964). According to Petitioner the IRS has failed to satisfy *Powell* because the Summons seeks duplicitous information and implicates attorney-client privilege. (Doc. 1 at 2–4). Petitioner also contends that the IRS failed comply with proper IRS administrative procedure established in the September 1, 2011 Memorandum from Director Shenita L. Hicks ("Hicks") (Doc. 1-2), which references the Internal Revenue Manual and notes that "[p]rivileged communications cannot be obtained by issuing a summons." (*Id.* at 3).

Relying primarily on the declaration of Pellebon, Respondent counters that the Court should dismiss the petition to quash because: (1) the Summons satisfies *Powell*; and (2) Petitioner has not carried its burden of establishing a defect with the Summons. Respondent further argues that Petitioner's reliance on Director Hicks's Memorandum and the Internal Revenue Manual is misplaced because only the Internal Revenue Code governs the fourth prong of the *Powell* analysis.

In an attempt to rebut the declaration of Pellebon, Petitioner submitted the affidavit of Danielle L. Lambert, C.P.A.—the preparer of Petitioner's 2014 Federal income tax return—who avers, *inter alia*, that:

> [they] provided to [Pellebon] (a) copies of the [Petitioner's] bank statements for the subject year, prepared by the subject banks in their normal course, reflecting all amounts deposited into the subject accounts, and (b) a complete copy of the [Petitioner's] General

> Ledger showing all deposits prepared from [Petitioner's] internal accounting program. . . . From these bank statements and the General Ledger, [Pellebon] was able to confirm that the deposits reflected on the bank statements and the accounting records 'balanced back' against the gross receipts reported on the [Petitioner's] 2014 tax return, confirming the accuracy of the said tax return.

(Lambert Aff., Doc. 3-1, ¶¶ 3–5).

Upon consideration of the record, the Magistrate Judge concluded that the Respondent had satisfied all four *Powell* factors by submitting the declaration of Pellebon and that: (1) the Internal Revenue Code, not the Internal Revenue Manual, governs; (2) the Summons does not implicate attorney-client privilege; and (3) Petitioner failed to establish a defect in the Summons.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Petitioner objects to the R&R on two grounds. First, Petitioner generally argues that compliance with the Summons will reveal the identity of Petitioner's clients, thereby violating attorney-client privilege. (Doc. 5 at 2). Second, Petitioner argues that the money it received and then deposited with SunTrust during the 2014 tax year is confirmed by the bank's monthly statements. (*Id.*). "[S]ince it is not SunTrust which is under audit, the back-up information to the

monthly bank statements is not required for the IRS'[s] audit of the Petitioner and is duplicitous." (*Id.*). Both arguments lack merit.

As noted by the Magistrate Judge, "even if the IRS already possesses some of the information, [a] summons[] should not be denied unless [it] constitute[s] an unnecessary examination or inspection." *United States v. Groos Nat'l Bank of San Antonio*, 661 F.2d 36, 37 (5th Cir. 1981) (citing *United States v. Davis*, 636 F.2d 1028, 1038 (5th Cir. 1981)). Here, Petitioner presents no facts or evidence demonstrating that the Summons constitutes "an unnecessary examination or inspection" or that it is duplicitous. Respondent, on the other hand, proffered evidence showing that SunTrust Bank's deposit records for Petitioner are not already in the possession of the IRS. (Doc. 2-1 ¶ 9). While Petitioner has provided some of the other items requested, such as bank statements, the receipt of bank records from SunTrust would offer the IRS assurance that the population of records turned over by Petitioner are accurate and complete. Thus, the Court declines to quash the Summons on grounds of duplicity.

Likewise, Petitioner has failed to demonstrate that the requested records are privileged. Petitioner has pointed to no evidence that compliance with the Summons will reveal confidential communications that were made for the purpose of securing legal advice or require it to reveal anything more that the identity of Petitioner's clients or the receipt of fees therefrom. Moreover, Petitioner presents no facts or evidence demonstrating that compliance with the Summons will result in the indictment of any of its clients. Accordingly, Petitioner has failed to carry its burden of establishing that the Summons implicates the attorney-client privilege. Because Petitioner does

not challenge the remainder of the Magistrate Judge's findings, and the Court finds no clear error, Respondent's Motion is due to be granted.[1]

## IV. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 4) is **ADOPTED** and **CONFIRMED** and made part of this Order.
2. Respondent's Motion to Dismiss Petition to Quash Summons (Doc. 2) is **GRANTED**.
3. Petitioner's Petition to Quash Summons (Doc. 1) is **DENIED**.
4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 5, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[1] *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (explaining that in the absence of specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").